FILED

UNITED STATES DISTRICT COURT

2003 OCT 23  A 9: 16

DISTRICT OF CONNECTICUT

US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| CHRISTOPHER CLOUSTON,<br>MARSHALL McGUIGAN | : | |
| Plaintiffs | : | CIVIL ACTION NO.:<br>01-CV-2404 (DJS) |
| vs. | : | |
| ON TARGET LOCATING SERVICES,<br>ENERGY EAST CORP. and THE<br>UNION WATER & POWER COMPANY | :<br>: | OCTOBER 22, 2003 |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION
## DEFENDANTS' TO MOTION TO STRIKE

Plaintiffs, Marshall McGuigan and Christopher Clouston, respectfully submit this Memorandum in Opposition to Defendants' Motion to Strike dated September 30, 2003. Defendants' arguments that Plaintiffs' Exhibits are inadmissible, in whole or part, are unavailing. Plaintiffs urge that Defendants' Motion be denied and that the Court carefully consider all of the evidence submitted by Plaintiffs in the light most favorable to Plaintiffs in deciding Defendants' Motion for Summary Judgment. It is bad enough that Defendants are seeking to deny Plaintiffs their day in court; at the very least such a motion should be decided on a complete record.

### A.   AFFIDAVITS

Defendant has claimed that Plaintiffs Christopher Clouston and Marshall McGuigan, were demoted because of complaints of harassment by employees they

supervised. Defendant has been unable to identify the employees who allegedly complained. Now Defendant argues that affidavits from employees supervised by Clouston and McGuigan that they were never harassed are "irrelevant". Moreover, these affidavits support Plaintiffs' claims that it was their supervisor, Timothy Moore, who was the actual harasser. Defendant's objections as to "hearsay" are similarly unavailing. Many of the statements are not hearsay at all or fall into one or more recognized exceptions to the hearsay rules. For example, statements made by Tim Moore, Rena Cater, Joseph Healey, Mark Levesque and others are admissible as party admissions. Plaintiff plans to have the affiants available to testify at trial and any objections to their testimony can be dealt with at that time.

Plaintiffs urge that Defendant's Motion serves only to highlight what Defendant's own moving papers in support of summary judgment lack, credible first-hand testimony. Defendant's whole defense hinges on "affidavits" of individuals with no first-hand knowledge, some of whom were not even employed by Defendants at the relevant times. Defendant's position apparently is that the Court should accept every document submitted by Defendant as gospel, and ignore any contradictory evidence as inadmissible hearsay. Unfortunately for the Defendant, this is exactly the opposite of the proper standard as enunciated by the Supreme Court. It is precisely because such credibility determinations are best made after a full hearing of all the facts at trial that the Supreme Court has warned that in deciding a summary judgment motion, a trial court must disregard the favorable evidence to the moving party that the jury is not

2

required to believe, and should give credence to the evidence of the non-movant and only so much of the "... evidence supporting the moving party that is **uncontradicted** and **unimpeached**, at least to the extent that the evidence comes from **disinterested** witnesses." Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2110 (2000) (emphasis added). Defendant's evidence is neither uncontradicted nor unimpeached, comes from interested parties, and is generally unworthy of credence, particularly with regard to the instant motion. Plaintiffs' affidavits, by contrast, come from exactly the type of "disinterested witnesses" whose testimony the Supreme Court has specifically stated should be credited. Moreover, these affiants' "opinions and inferences" are similarly admissible so long as they are "rationally based on [their] perception" under Rule 701 of the Federal Rules of Evidence.

**B.   DEPOSITION TESTIMONY**

Unbelievably, Defendant objects to the deposition testimony of its own insurance adjuster, Debra Buettel. Defendant apparently overlooks the fact that it is perfectly proper for a deponent to refresh her recollection by reviewing notes and other documents. Moreover, the documents themselves are admissible business records, kept in the ordinary course of business.

**C.   AUTHENTICATED DOCUMENTS**

Exhibit 15    Defendant objects to Exhibit 15 which is a portion of the Employee Handbook originally given to Mr. McGuigan. Unfortunately for Defendants, this Handbook does not contain any "disclaimer". McGuigan's Handbook was given to him

3

in the form of a three-ring binder, which was itself contained inside a gray plastic case. These original documents along with others, were transported to Portland, Maine and produced for inspection and copying at Defendant's insistence. At his deposition, McGuigan was asked to identify many documents, all of which were 8½" x 11" white pages. Defense counsel herself appeared unable to identify the origin of the documents presented. In any event, Plaintiff McGuigan is in possession of his original handbook, which contains no disclaimer but does contain promissory statements. He will be able to identify and authenticate the handbook at trial, and could undoubtedly have done so if handled better by Defense counsel at his deposition.

<u>Exhibits 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 34</u>   Defendant concedes that these documents "appear to be Company documents" which, of course, they are. Defendant further apparently concedes that many of these documents were actually produced by Defendant as part of the discovery process, and were identified as exhibits at various depositions. Defendant does not even bother to argue that any of these documents are <u>not</u> authentic or suffer from any other evidentiary infirmity. Defendant will have the opportunity to raise any objections as part of the Joint Pretrial Memorandum and/or at trial. Its current objections are, however, unavailing.

<u>Exhibit 18</u>   Contrary to Defendant's assertions, this document was, in fact, Exhibit 4 to Rena Cater's deposition and authenticated by her.

<u>Exhibits 31, 33, 35, 36, 37 and 38</u>   Defendant's objections as to hearsay and authenticity are unavailing for the reasons set forth above.

4

## D. CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs urge the Defendant's Motion to Strike be denied in its entirety. In the alternative, should the Court determine that there is any evidentiary infirmity with regard to Plaintiffs' Exhibits, Plaintiffs respectfully request an opportunity to cure any such infirmity.

THE PLAINTIFF

BY _____
Francis D. Burke
Mangines & Burke, LLC
1115 Main Street, Suite 708
Bridgeport, CT 06604
(203) 336-0887
Fed. Bar No. ct18688

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail postage prepaid, this 22nd day of October 2003, to:

Patricia E. Reilly, Esq.
Christopher A. Kelland, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT 06510-1910

_____
Francis D. Burke