UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER CLOUSTON,<br>MARSHALL McGUIGAN,<br><br>      Plaintiffs,<br><br>v.<br><br>ON TARGET LOCATING SERVICES,<br>ENERGY EAST CORP., and<br>UNION WATER POWER COMPANY,<br><br>      Defendants. | CIVIL ACTION NO.:<br>01-CV-2404 (DJS)<br><br><br><br><br><br>NOVEMBER 12, 2003 |

**REPLY TO OPPOSITION TO DEFENDANTS'**
**MOTION TO STRIKE CERTAIN EXHIBITS**

Plaintiffs' Opposition to Defendants' Motion to Strike Certain Exhibits presents no legally sound basis for denying Defendants' motion. Nevertheless, this reply is necessary, unfortunately, to correct inaccurate representations in the Opposition.

**I.   THE AFFIDAVITS**

Plaintiffs assert that "Defendant has claimed that Plaintiffs Christopher Clouston and Marshall McGuigan were demoted because of complaints of harassment by employees they supervised." Plaintiffs' Memorandum in Opposition [to] Defendants' Motion to Strike at pp. 1-2. This statement is inaccurate.

Plaintiff Clouston was demoted because he failed to meet a condition of his promotion, namely, to move to Connecticut within the required time period, and for his poor performance. Clouston was never reprimanded for harassing or overbearing conduct toward subordinates. See Defendants' Memorandum in Support of Motion for Summary Judgment and Affidavit of Jeff Melcher.

McGuigan was reprimanded for overbearing conduct toward subordinates. His supervisor, Jeff Melcher, testified at his deposition and has given an affidavit attesting to the reasons for McGuigan's demotion. McGuigan had failed to correct his behavior following his written reprimand and he continued to exhibit poor supervisory skills and intimidating conduct toward subordinates. McGuigan ignored Company directives and did not work as a team player. See Defendants' Memorandum in Support of Motion for Summary Judgment and Affidavit of Jeff Melcher.

Co-workers' opinions of a plaintiff's job performance are irrelevant. "The biases of one who neither makes nor influences the challenged personnel decision are not probative in an employment discrimination case." Holfield v. Reno, 115 F.3d 1555, 1563-64 (11th Cir. 1997). See also Robertson v. The Home Depot, 976 F. Supp. 1467, 1476 (S.D.Fla. 1997) (ex-employee affidavits not probative); Hines v. Hillside Children's Center, 73 F. Supp. 2d 308, 315 (W.D.N.Y. 1999) (employee's subjective opinion about his own qualifications is insufficient to give rise to a triable issue of fact concerning employer's proffered reason for its actions); Layaou v. Xerox Corp., 999 F.Supp. 426, 432 (W.D.N.Y.1998) (same); Shapolia v. Los Alamos Nat'l Lab., 992 F.2d 1033, 1039 (10th Cir.1993) (employee's own assessment of his job performance is inadequate to raise issue of fact for trial); Billet v. CIGNA Corp., 940 F.2d 812, 825 (3d Cir.1991) ("The fact that an employee disagrees with an employer's evaluation of him does not prove pretext.").

Plaintiffs' use of the word "harassment" has been a red herring in this lawsuit. This is not a sexual harassment case or one that involves harassment on the basis of any protected class.[1] Plaintiffs' use of affidavits alleging sexual or racial harassment, expressing opinions about Plaintiffs' job performance and expressing opinions about Tim Moore, Plaintiffs' former supervisor, are not probative of any issue in this case. The opinions expressed in the affidavits are irrelevant and prejudicial to Defendants. Because the affidavits have no probative value or relevance whatsoever to this lawsuit, and are prejudicial to Defendants, they should be stricken.

## II. DEPOSITION TESTIMONY OF DEBRA BUETTEL.

Plaintiffs assert that Debra Buettel's notes were used to refresh her recollection. The transcript belies this assertion. As the transcript indicates, Ms. Buettel read from her notes and *those of other claims adjusters*. This is hearsay and Ms. Buettel's testimony should be stricken.

## III. THE HANDBOOK

Plaintiff McGuigan's failure to identify the Handbook at his deposition is fatal to his assertion now that his Handbook did not contain a disclaimer. This failure is magnified by the fact that the deposition at which McGuigan did not identify the Handbook was scheduled *expressly* for the purpose of having Plaintiffs identify the documents they finally produced *after* Defendants filed a motion to compel, which this Court granted. At least Plaintiff Clouston had the integrity at his deposition to answer that his handbook contained a disclaimer.

---

[1] The claims where plaintiffs' job performance is arguably relevant are the retaliation claims for exercising free speech rights under Conn. Gen. Stats. § 31-51q, filing a worker's compensation claim (McGuigan only), and under ERISA.

3

IV.  **CONCLUSION**

For these reasons and those set forth in Defendants' Memorandum of Law in Support of the Motion to Strike, Plaintiffs' exhibits fail to comply with Fed. R. Civ. P. 56(e) and should therefore be stricken.

```
                                THE DEFENDANTS,
                                ON TARGET LOCATING SERVICES,
                                ENERGY EAST CORP., and
                                UNION WATER POWER COMPANY,
```

_____
Patricia E. Reilly
Federal Bar # CT08352
TYLER COOPER & ALCORN, LLP
205 Church Street, P.O. Box 1936
New Haven, Connecticut 06510-1910
Phone: (203) 784-8200
Facsimile: (203) 789-8069
E-mail: Reilly@tylercooper.com

## CERTIFICATE OF SERVICE

This it to certify that a copy of the foregoing has been mailed, postage prepaid, to all counsel and pro se parties of record:

>Francis D. Burke, Esquire
>Manginess & Burke, LLC
>1115 Main Street, Suite 708
>Bridgeport, Connecticut 06604

on this 12th day of November, 2003.

_____
Patricia E. Reilly (CT 08352)