UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAY 12 P 2: 09
U.S. DISTRICT COURT
HARTFORD, CT.

CHRISTOPHER CLOUSTON &
MARSHALL McGUIGAN
    -Plaintiffs

-v-                                       CIVIL 3:01CV2404(DJS)(TPS)

ON TARGET LOCATING SERVICES,
ENERGY EAST CORP., &
UNION WATER POWER COMPANY
    -Defendants

## RULING ON DEFENDANTS' MOTION TO STRIKE

The plaintiffs, Christopher Clouston and Marshall McGuigan, commenced this action against the defendants, On Target Locating Services, Energy East Corporation, and Union Water Power Company, asserting claims for damages in connection with an employee benefit plan. (Not. Remov. at 3). Pending before the court is the defendants' Motion to Strike Certain Exhibits to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment which moves to strike Plaintiffs' Exhibits 1 through 5, 10, and 15 through 38 in their entirety. (Dkt. #84). As explained below, the defendants' motion is **DENIED**.

I.

The relevant facts are as follows. The defendants filed a

motion for summary judgment on March 26, 2003. (Dkt. # 66). The plaintiffs filed their Memorandum in Opposition to Defendants' Motion for Summary Judgment as to Christopher Clouston on July 25, 2003. (Dkt. #81).[1] That memorandum was accompanied by thirty-eight exhibits. The defendants move to strike the majority of them. (Dkt. #84).

The defendants move to strike several affidavits in their entirety because they "contain irrelevant statement and hearsay that would be inadmissible at trial. . . ." (D.'s Mem. Supp. Mot., 9/30/03, at 3).[2] In addition, the defendants move to strike the deposition testimony of Debra Buettel in its entirety because it was "based on her review of notes to the file" and "rife with hearsay and statements that lack foundation." (Id. at 4-5). Furthermore, the defendants seeks to strike Exhibit 15 in its entirety because "it is unauthenticated, completely lacking in any indicia of reliability, and directly contradicts Plaintiff McGuigan's deposition testimony." (Id. at 5). The defendants also

---

[1] The plaintiffs also filed a Memorandum in Opposition to Defendants' Motion for Summary Judgment as to Marshall McGuigan on April 27, 2004. (Dkt. #92). Because it was filed after the motion to strike, the motion to strike does not reference it. That said, however, it stands to reason that, to the extent that the memorandum pertaining to Mr. McGuigan relies on the same exhibits as the memorandum pertaining to Mr. Clouston, the same principles of law apply.

[2] These include the affidavits of Rosa Benitez (Pl.'s Ex. 1), Joseph Doran (Pl.'s Ex. 2), Jason Brown (Pl.'s Ex. 3), Don Shanley (Pl.'s Ex. 4), and Fred Tippett (Pl.'s Ex. 5). (See D.'s Mem. Supp. Mot., 9/20/03, at 3-4).

move to strike Exhibits 16 through 38 because they are unauthenticated or hearsay, or both. (<u>Id.</u> at 5-6).

## II.

"The district court has broad discretion in choosing whether to admit evidence." <u>Raskin v. Wyatt Co.</u>, 125 F.3d 55, 65 (2d Cir. 1997). "The principles governing admissibility of evidence do not change on a motion for summary judgment. <u>Id.</u> See also Fed R. Civ. P. 56(e)("Supporting and opposing affidavits [to motions for summary judgment or oppositions to such motions] shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify."). "[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." <u>Id.</u> (citing <u>Beyene v. Coleman Sec. Servs., Inc.</u>, 854 F.2d 1179, 1181 (9th Cir. 1988)). Still, "on summary judgment, the district court may decide whether the evidence submitted is in a form that would be admissible at trial, or whether the evidence advanced to show the existence of material issues of fact could be reduced to admissible form at trial. <u>Daniel v. Am. Bd. of Emergency Med.</u>, 237 F. Supp. 2d 336, 352 (W.D.N.Y. 2001).

"When portions of an affidavit do not comply with Rule 56(e), the trial judge is 'free to disregard the inadmissible paragraphs and consider the rest of the affidavit.'" <u>Hollander v. Am.</u>

Cyanamid Co., 999 F.Supp. 252, 255 (D.Conn 1998)(citing United States v. Alessi, 599 F.2d 513, 515 (2d Cir. 1979)). Further, "a court may therefore strike portions of affidavits which are not made upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." Id. See also Dedyo v. Baker Eng'g New York, Inc., No. 96 Civ. 7152 (LBS), 1998 U.S. Dist. LEXIS 132, at *12-13 (S.D.N.Y. Jan. 13, 1998)(citing 11 James Wm. Moore et al, Moore's Federal Practice § 56.14[4][a] (3d ed. 1997) ("A motion to strike is appropriate if affidavits contain inadmissible hearsay or are not made on the basis of personal knowledge; only those portions of the affidavit based on personal knowledge will survive the motion.")). Moreover, "[a] motion to strike will also be granted when it challenges documentary evidence that was submitted in support of or in opposition to a summary judgment motion, but which has not be properly authenticated." Id. (citing 11 James Wm. Moore et al, Moore's Federal Practice § 56.14[4][a] (3d ed. 1997)).

### III.

The court recognizes the potential problems with those exhibits which form the basis for this motion. Problems of relevancy, hearsay, and authentication may exist vis-à-vis these documents. However, a motion to strike is not the only, nor preferable, manner in which to deal with them.

Clearly, in deciding the motion pending for summary judgment,

Judge Squatrito will only consider evidence that is admissible. <u>Raskin</u>, 125 F.3d at 65 (citation omitted). If a document, or a portion thereof, is irrelevant, hearsay which does not fall under any of the enumerated exceptions, or is an affidavit or deposition which is not based on personal knowledge, the court will not consider it in determining whether, and to what extent, to grant summary judgment. The problem of admissibility being resolved in such a fashion, the impetus behind the motion to strike is addressed and the court does not run the risk of striking evidence which may be admissible for some purpose or another.

The court also notes that several documents are not properly authenticated. The plaintiffs contend that Mr. McGuigan "will be able to identify and authenticate [Exhibit 15] at trial and could undoubtedly have done so if handled better by Defense counsel at his deposition." (Pl.'s Mem. Opp. Mot., 10/22/04). However, his ability to authenticate the document in the future does not obviate the need for authentication for present purposes. See <u>Dedyo</u>, 1998 U.S. Dist. LEXIS 132, at *12 (citation omitted)("It is irrelevant that the documents may in the future be properly authenticated at trial through a witness. The documents must be properly authenticated in order to be considered by the court at summary judgment stage, in the face of an objection."). Accordingly, unless Exhibit 15 (and any other unauthenticated document, for that matter) is properly authenticated, Judge Squatrito will not consider it in determining whether to grant summary judgment.

For the above reasons, the motion for prejudgment remedy (**Dkt. # 84**) is **DENIED**.

Dated at Hartford, Connecticut this 12th day of March, 2004.

/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge