UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER CLOUSTON,<br>MARSHALL McGUIGAN,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ON TARGET LOCATING SERVICES,<br>ENERGY EAST CORPORATION, and<br>THE UNION WATER & POWER COMPANY,<br><br>　　　　Defendants | CIVIL ACTION NO.:<br>01-CV-2404 (DJS)<br><br><br><br><br><br><br><br>SEPTEMBER 22, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO STRIKE**

I.　**INTRODUCTION**

　　The Court should strike Exhibit 1 and Paragraphs 11 through 13 of Exhibit 3 to the Plaintiffs' Motion for Reconsideration dated September 1, 2005, for the following reasons: 1) Exhibit 1, which is an Employee Handbook, has not been properly authenticated; 2) the Employee Handbook should have been submitted, if at all, as part of the Plaintiffs' Opposition to the Defendants' Motion for Summary Judgment, not after the Court has ruled on the Motion for Summary Judgment; 3) the Employee Handbook was never produced to the Defendants during discovery, which is now closed; as such, the Defendants were never provided with an opportunity to cross-examine the Plaintiff, Marshall McGuigan ("McGuigan") about the document; and 4) the Employee Handbook, and Paragraphs 11 through 13 of Exhibit 3, which is the Affidavit of McGuigan, contradict McGuigan's deposition testimony.

## II. LEGAL ARGUMENT

### A. The Handbook Has Not Been Properly Authenticated.

Although McGuigan has submitted an affidavit which purports to "authenticate" the Employee Handbook, McGuigan's purported "authentication" of the only Employee Handbook in existence which does not contain a disclaimer[1] comes, not only after the Court has issued its ruling on the Defendants' Motion for Summary Judgment, but after the Defendants' moved to strike an incomplete copy of the document submitted by the Plaintiffs in opposition to the Defendants' Motion for Summary Judgment, and after McGuigan's deposition, in which he was completely unable to identify any Employee Handbook, whether produced by him or the Defendants.

As such, McGuigan's sudden ability to produce a complete copy of the Handbook, and represent that it is a true and accurate copy of the Handbook given to him by the Defendants, is highly suspect – at best. This is particularly true in light of the sworn affidavit of Lynne Toussaint, the Manager of the Defendant, Corporate Administration of the Union Water Power Company, which was timely filed in support of the Defendants' Motion for Summary Judgment. Toussaint stated in her affidavit that the Company's Employee Handbook at all times contained a disclaimer. See Toussaint Affidavit, Exhibit A to Defendant's Joint Appendix to Motions for Summary Judgment, ¶4. McGuigan failed to produce any admissible evidence contradicting this statement – until now. And, since there are absolutely no indicia of reliability with respect to the version of the Handbook that McGuigan now proposes to submit, it too is inadmissible. The Court should accordingly decline to consider this new evidence and order it stricken from the record.

---

[1] The disclaimer appears as a Preface to the Handbook, which is a separate, unnumbered page.

B. **The Handbook Has Been Submitted Too Late.**

Even if McGuigan were able to properly authenticate the Handbook, which he cannot, the Court still should not consider it. This is because the Handbook should have been submitted, if at all, in opposition to the Defendants' Motion for Summary Judgment. McGuigan's attempt to submit the Handbook now, after the Court has ruled on the motion, is an inappropriate use of a motion for reconsideration. See Pannonia Farms, Inc. v. USA Cable, 2004 WL 1794504, *2 (S.D.N.Y. Aug. 10, 2004) ( "A motion for reconsideration is not . . . 'a second bite at the apple' for a party dissatisfied with a court's ruling.")

C. **The Handbook was Never Produced to the Defendants During Discovery.**

The Court should also strike the Handbook from the record in this case because the first glimpse the Defendants had of this document was when counsel received her service copy of the Plaintiffs' Motion for Reconsideration. The Plaintiffs never produced this document during discovery, which is now closed, and the Defendants were never afforded an opportunity to cross-examine McGuigan with respect to this document. The Defendants would be prejudiced if the Court were to allow McGuigan to make the document part of the record at this late juncture. This is particularly true where McGuigan was given every opportunity at his deposition to produce a copy of this document, yet he claimed no knowledge.

D. **The Handbook and McGuigan's Affidavit Regarding the Handbook Contradict His Deposition Testimony.**

Finally, the Court should strike the Handbook and Paragraphs 11 through 13 of McGuigan's Affidavit from the record because they conflict with McGuigan's deposition

3

testimony. It is well-settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment. See, e.g., Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) ("factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts her own prior deposition testimony."); Bickerstaff v. Vassar College, 196 F.3d 435, 455 (2d Cir. 1999) (same); Raskin v. Wyatt Co., 125 F.3d 55, 63 (2d Cir. 1997) (same).

In this case, McGuigan testified at his deposition that he didn't know if he had received the Handbook about which counsel was questioning him. McGuigan dep., Vol. 1 at p. 29, attached as Exhibit 4 to Defendants' Supplemental Appendix to Motions for Summary Judgment. In fact, McGuigan was unable to identify a single document produced by him or by the Defendants that he claimed was the Handbook. He stated that he thought he might have left the document he considered to be the Handbook in his truck, which was taken back by the company when McGuigan went out on worker's compensation leave. Furthermore, he admitted that he did not produce every document that constituted the Handbook because he had left it in the company truck when he went out on leave months ago, and to which he currently had no access. Id. at pp. 27, 29-30.

The above testimony stands in stark contrast to McGuigan's Affidavit, in which he claims that he gave his Employee Handbook to his attorney and that the document attached as Exhibit 1 is a true and accurate copy of the Handbook that the Defendant, On Target gave to him. See McGuigan Affidavit, Exhibit 3 to Plaintiffs' Motion for Reconsideration, ¶11-12.

Since McGuigan is now attempting to identify, for the first time, the document that he claims is the Employee Handbook, and since such identification contradicts his earlier deposition testimony, the Court should disregard this new evidence and strike it from the record.

### III. CONCLUSION

For all the foregoing reasons, the Court should strike Exhibit 1 and Exhibit 3, Paragraphs 11 through 13 of the Plaintiffs' Motion for Reconsideration.

        RESPECTFULLY SUBMITTED,
        THE DEFENDANTS,

        ON TARGET LOCATING SERVICES,
        ENERGY EAST CORP., and
        THE UNION WATER & POWER COMPANY,

        _____
        Patricia E. Reilly (CT 08352)
        Lori Rittman Clark (CT 19908)
        TYLER COOPER & ALCORN, LLP
        205 Church Street
        P.O. Box 1936
        New Haven, Connecticut 06510-1910
        Phone: (203) 784-8200
        Facsimile: (203) 789-8069
        E-mail: preilly@tylercooper.com

## CERTIFICATION

This is to certify that a copy of the foregoing was delivered via U.S. mail, postage prepaid on this 22nd day of September, 2005 to the following counsel of record:

Francis D. Burke, Esquire
Mangines & Burke, LLC
1115 Main Street, Suite 708
Bridgeport, Connecticut 06604

_____
Patricia E. Reilly (CT 08352)