UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER CLOUSTON, )<br>MARSHALL McGUIGAN, )<br>     )<br>     Plaintiffs, )<br>     )<br>v.   )<br>     )<br>ON TARGET LOCATING SERVICES, )<br>ENERGY EAST CORPORATION, and )<br>THE UNION WATER & POWER COMPANY, )<br>     )<br>     Defendants )<br>_____ ) | CIVIL ACTION NO.:<br>01-CV-2404 (DJS)<br><br><br><br>SEPTEMBER 22, 2005 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

I. **INTRODUCTION**

On August 19, 2005, the Court granted the Defendants' Motion for Summary Judgment as to Counts One through Four of the Amended Complaint. On September 1, 2005, the Plaintiffs filed a Motion for Reconsideration of the Court's decision. The Court should deny the Plaintiffs' motion, because it fails to establish that the Court overlooked facts or controlling decisions that might reasonably be expected to alter the Court's determination. As such, the Plaintiffs' motion is nothing more than a "wasteful replication of arguments already briefed, considered and decided." Ryan v. Sullivan, Hill, Lewis, Rez, Engel & LaBazzo, 2005 WL 367836, *1 (D. Conn. Jan. 25, 2005) (citation omitted) (setting forth that which the strict standard for granting a motion for reconsideration is intended to deny).

## II. ARGUMENT

### A. Legal Standard

A motion for reconsideration must adhere to <u>stringent standards</u>. <u>Gold v. Dalkon Shield Claimants Trust</u>, 1998 WL 422900, *2 (D. Conn. 1998) (emphasis added). Rule 59(e) of the Federal Rules of Civil Procedure recognizes only three possible grounds for any motion for reconsideration: "1) an intervening change the law; 2) the availability of new evidence not previously available; and 3) the need to correct a clear error of law or prevent manifest injustice." <u>Ryan v. Sullivan, Hill, Lewin, Rez, Engel and Labazzo</u>, 2005 WL 367836, *1 (D. Conn. Jan. 25, 2005). "[A] motion to reconsider should not be granted where the moving party seeks solely to re-litigate an issue already decided." <u>Shrader v. CSX Transp.</u>, 70 F.3d 255, 257 (2d. Cir. 1995). The Plaintiffs in this case fail to meet this stringent standard, and the Court should therefore deny their Motion for Reconsideration.

### B. The Cases Cited by Plaintiffs Do Not Alter the Court's Determination that the Defendants Are Entitled to Summary Judgment on the Plaintiffs' Promissory Estoppel Claim.

In their Motion for Reconsideration, the Plaintiffs cite three cases for the proposition that an at-will employee may pursue a claim of promissory estoppel even where an employer's alleged promises do not rise to the level of an implied contract. Plaintiffs' Memorandum, p.2. Because none of these cases change the standard for a promissory estoppel claim, and further, because the Court in this case applied the correct standard to the Plaintiffs' promissory estoppel claim, none of the Plaintiffs' cited cases alters the result in this case.

In the first case cited by the Plaintiffs, <u>Stewart v. Cendant Mobility Services Corporation</u>, 267 Conn. 96, 110 (2003), the Connecticut Supreme Court held that a determination that an employee does not have a viable breach of implied contact claim is not fatal to the employee's promissory estoppel claim, since the two claims have different elements. <u>See id.</u> at 107. In distinguishing a promissory estoppel claim from a breach of contract claim, however, the Court did not change the requisite elements of a promissory estoppel claim. <u>Id.</u> at 105. Specifically, the Court stated that "[a] fundamental element of promissory estoppel . . . is the existence of <u>a clear and definite promise</u> which a promisor could reasonably have expected to induce reliance. <u>Id.</u> at 104 (emphasis added). Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, <u>he had no reason to expect any reliance at all</u>." <u>Id.</u> at 104-05 (citation omitted) (emphasis added).

The Court in this case applied exactly the standard set forth above in determining that the Plaintiffs cannot, as a matter of law, prevail on their promissory estoppel claim. Specifically, the Court found the representations upon which the Plaintiffs relied for their promissory estoppel claim were not clear and definite enough to be considered promissory. Memorandum of Decision, p. 16. More importantly, the Court determined that the disclaimer contained in the documents at issue, as well as the acknowledgment signed by both Plaintiffs precluded a finding that any reliance by the plaintiffs was reasonable. <u>Id.</u> Notably, there was no disclaimer issue in the <u>Stewart</u> case, much less an acknowledgment signed by plaintiffs acknowledging their at-will status.

Moreover, in the <u>Stewart</u> case, the Court's determination that the employer's representations were sufficiently clear and definite to constitute a promise upon which the

3

plaintiff reasonably could have relied was quite narrow. Stewart, 267 Conn. at 109. In particular, the jury found that the plaintiff's employer promised her that her employment would not be adversely affected by her husband's future employment with a competitor. Id. This unambiguous promise was made in response to the plaintiff's stated concern that her husband's employment with a competitor might have a negative impact on the plaintiff's job. Id. Apart from the employer's narrow promise, the plaintiff otherwise remained an at-will employee subject to termination at the employer's sole discretion. Id. As such, Stewart did not involve a general promise that the plaintiff could be terminated only for just cause, and the Court did not make such a determination. Id. Yet this is exactly the type of promise the Plaintiffs in this case allege that the Defendants made. See McGuigan Memo in Opposition to Defendants' Motion for Summary Judgment, p. 26; Clouston Memo in Opposition to Defendants' Motion for Summary Judgment, p. 26.

The second case cited by the Plaintiffs, Cweklinsky v. Mobil Chemical Company, 364 F.3d 68 (2d Cir. 2004), is equally unavailing. In that case, the Second Circuit reversed the district court's dismissal of the plaintiff's promissory estoppel claim, holding that the district court had incorrectly applied the same standard to the plaintiff's breach of implied contract and promissory estoppel claims. Id. at 77. The Second Circuit clarified that, under Connecticut law, breach of implied contract and promissory estoppel have distinct elements. Id. The Court then set forth the following standard for a promissory estoppel claim: "Promissory estoppel permits recovery based on a sufficiently clear and definite promise, even in the absence of consideration required to create a contract." Id.

Again, the standard set forth above is the same standard applied by the Court in this case. Memo of Decision, p. 16. Notably, this Court did not determine that, for

example, the Plaintiffs had failed to establish that the Defendants offered to enter into a contract with the Plaintiffs, or that the alleged contract was not supported by consideration. See id. Thus, the Cwkelinsky case does not alter the result in this case.

The Plaintiffs finally cite to Holt v. Home Depot USA, Inc., 2004 WL 178604 (D. Conn. Jan. 22, 2004), affirmed 135 Fed. Appx. 449 (2d Cir. 2005). The Holt case also does not change the Court's conclusion in this case. Specifically, the plaintiff in Holt sued his former employer, alleging that he was terminated for using the company's open-door policy to complain to management about his immediate supervisor. Id. at *1. The plaintiff claimed that the employer's action was in contravention of a promise the company had made to its employees that they could use the open-door policy without fear of retaliation, and the plaintiff reasonably relied on that promise. Id. The jury found in the plaintiff's favor on his promissory estoppel claim, and the employer moved for judgment as a matter of law. Id.

In denying the employer's motion, the district court stated that the employer's promise not to retaliate was "so clear, emphatic, highly touted and widely proclaimed that the plaintiff could reasonably believe that it was inviolable and thus not covered by the general disclaimers in the handbook and application." Id. These facts simply do not apply to the present case.

As an initial matter, the Plaintiffs argued in their briefs opposing summary judgment that they were not at-will employees and could only be terminated for just cause. McGuigan Memo, p.26; Clouston Memo, p. 26. The Plaintiffs are now attempting to change or narrow the scope of the Defendants' alleged promises, in a thinly veiled attempt to bring their claims within the narrow confines of the Holt (and, to some

extent, the Stewart) decisions. See Memo in Support of Reconsideration, pp. 2-8, in which the Plaintiffs focus exclusively on an alleged promise not to retaliate for utilizing an internal complaint procedure, while making absolutely no mention of their earlier argument that they were not at-will employees and could only be terminated for just cause. The Court should dismiss this attempt as an inappropriate use of a motion for reconsideration. See Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (a motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made).

Even if the Court were to consider the Plaintiffs' "new" argument on the merits, however, the Holt case does not require a different result in the instant case. Specifically, the Court in this case determined that the Plaintiffs had failed to establish that the Defendants made representations that were sufficiently clear and definite to be considered promissory. Memo of Decision, p. 16. In contrast, the Holt Court determined the representations at issue in that case to have been "clear [and] emphatic." Holt, 2004 WL 178604, *1 (D. Conn. Jan. 22, 2004). Accordingly, the instant case can easily be reconciled with the Holt case, based on the types of representations the employer is alleged to have made.[1]

Furthermore, the Holt case did not involve an acknowledgement of at-will status signed by an employee, as the present case does. As with the other cases cited by the Plaintiffs, the Holt case does not require a different result here.

---

[1] In fact, a number of the cases distinguished by the Holt court are analogous to the present case. See, e.g., Davis v. Liberty Mut. Ins. Co., 218 F. Supp.2d 256 (D. Conn. 2002) (plaintiff's failure to establish a "clear and definite" promise defeated promissory estoppel claim); Lettick v. Nationwide Mut. Ins. Co., 2000 WL 863028 (D. Conn. March 31, 2000) (same); Cowen v. Federal Express Corp., 25 F. Supp.2d 33 (D. Conn. 1998) (disclaimers in relevant documents precluded promissory estoppel claim).

Finally, the procedural posture of the Holt case is completely different from that of the present case. Specifically, the Court in Holt was ruling on the defendant's motion for a new trial following a jury verdict in favor of the plaintiff. Id. at *2. Thus, in ruling that there was sufficient evidence to support the plaintiff's promissory estoppel claim, the Holt court was determining whether the jury had reached a "seriously erroneous result" or whether the verdict was a "miscarriage of justice." Id. As such, Holt hardly represents the change in the law regarding promissory estoppel which would justify reconsideration of this Court's entry of summary judgment. Rather, the Holt court was merely affirming that the jury's conclusion in that case was not "seriously erroneous." Indeed, the Holt decision fails to even articulate what the employer's promises or disclaimers were, making it impossible for a plaintiff in a subsequent case to credibly argue that the Holt case supports their promissory estoppel claim.

### C.   McGuigan's Proffer of Evidence is Too Little, Too Late.

After receiving the Court's ruling granting the Defendants' Motion for Summary Judgment as to Counts One, Two and Three of the Amended Complaint, Plaintiff Marshall McGuigan ("McGuigan") now attempts to submit a complete and authenticated copy of the Employee Handbook that allegedly supports his claims. Memo in Support of Reconsideration, pp. 8-10. This is, quite simply, too little, too late.

First, a motion for reconsideration is properly granted only where there is "newly discovered evidence," not where the plaintiff simply neglected to submit such evidence earlier. See, e.g., LoSocco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993). Specifically, McGuigan was well aware when he filed his opposition to the Defendants' summary judgment motion, as well as when the Defendants filed a Motion to

Strike, that the Employee Handbook he submitted had not been properly authenticated, as is required under the Federal Rules of Civil Procedure. McGuigan failed, however, to properly authenticate this document until after the Court ruled on the Defendants' Motion for Summary Judgment. This is a clearly improper use of a motion for reconsideration. See Pannonia Farms, Inc. v. USA Cable, 2004 WL 1794504, *2 (S.D.N.Y. Aug. 10, 2004) ("A motion for reconsideration is not . . . 'a second bite at the apple' for a party dissatisfied with a court's ruling.").

Moreover, McGuigan's untimely proffer of evidence does not alter the Court's determination that the Defendants are entitled to summary judgment. Specifically, regardless of whether McGuigan's Employee Handbook contained a disclaimer, McGuigan still cannot refute the fact that he reviewed and signed an acknowledgement of his at-will status. Furthermore, the Court's ruling was also based in part on the lack of evidence, in certain of the documents at issue, that the Defendants intended to enter into a contract with the Plaintiffs. See Memo of Decision, 10-11 (re: breach of implied contract); 14-15 (re: breach of implied covenant of good faith and fair dealing). The disclaimer has no bearing on this latter determination.

Finally, the Employee Handbook and Paragraphs 11 through 13 of McGuigan's Affidavit, which purport to "authenticate" the Handbook, conflict with McGuigan's deposition testimony. It is well-settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment. See, e.g., Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) ("factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit

opposing summary judgment and that affidavit contradicts her own prior deposition testimony."); Bickerstaff v. Vassar College, 196 F.3d 435, 455 (2d Cir. 1999) (same); Raskin v. Wyatt Co., 125 F.3d 55, 63 (2d Cir. 1997) (same).

In this case, McGuigan testified at his deposition that he didn't know if he had received the Handbook about which counsel was questioning him. McGuigan dep., Vol. 1 at p. 29, attached as Exhibit 4 to Defendants' Supplemental Appendix to Motions for Summary Judgment. In fact, McGuigan was unable to identify a single document produced by him or by the Defendants that he claimed was the Handbook. He stated that he thought he might have left the document he considered to be the Handbook in his truck, which was taken back by the company when McGuigan went out on worker's compensation leave. Furthermore, he admitted that he did not produce every document that constituted the Handbook because he had left it in the company truck when he went out on leave months ago, and to which he currently had no access. Id. at pp. 27, 29-30.

The above testimony stands in stark contrast to McGuigan's Affidavit, in which he claims that he gave his Employee Handbook to his attorney and that the document attached as Exhibit 1 is a true and accurate copy of the Handbook that the Defendant, On Target gave to him. See McGuigan Affidavit, Exhibit 3 to Plaintiffs' Motion for Reconsideration, ¶11-12. Since McGuigan is now attempting to identify, for the first time, the document that he claims is the Employee Handbook, and since such identification contradicts his earlier deposition testimony, the Court should disregard this version of the Handbook.[2] Moreover, since the Motion for Reconsideration as to

---

[2] For this reason, the Defendants have also filed a Motion to Strike the Employee Handbook and Paragraphs 11 through 13 of McGuigan's Affidavit, which purport to "authenticate" the Handbook.

McGuigan is entirely dependent upon this alleged version of the Employee Handbook, the Court should deny the Motion for Reconsideration.[3]

### III. <u>CONCLUSION</u>

For all the foregoing reasons, the Court should deny the Plaintiffs' Motion for Reconsideration dated September 1, 2005.

RESPECTFULLY SUBMITTED,
THE DEFENDANTS,

ON TARGET LOCATING SERVICES,
ENERGY EAST CORP., and
THE UNION WATER & POWER COMPANY,

_____
Patricia E. Reilly (CT 08352)
Lori Rittman Clark (CT 19908)
TYLER COOPER & ALCORN, LLP
205 Church Street
P.O. Box 1936
New Haven, Connecticut 06510-1910
Phone: (203) 784-8200
Facsimile: (203) 789-8069
E-mail: preilly@tylercooper.com

---

[3] Further, the Handbook attached as Exhibit 1 cannot constitute the type of "newly discovered evidence" that would form an appropriate basis for granting a motion for reconsideration, since by McGuigan's own admission, this document has existed for a considerable period of time. Moreover, McGuigan does not claim to have just found the document. <u>See</u> McGuigan Affidavit, Exhibit 3 to Plaintiffs' Motion for Reconsideration, ¶11.

## CERTIFICATION

This is to certify that a copy of the foregoing was delivered via U.S. mail, postage prepaid on this 22nd day of September, 2005 to the following counsel of record:

Francis D. Burke, Esquire
Mangines & Burke, LOC
1115 Main Street, Suite 708
Bridgeport, Connecticut 06604

_____
Patricia E. Reilly (CT 08352)